# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3835-24

A.M.R.,[1]

    Plaintiff-Appellant,

v.

J.A.S.R.,

    Defendant-Respondent.

_____

Submitted July 14, 2026 – Decided August 3, 2026

Before Judges Gummer and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0424-22.

A.M.R., self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

---

[1] Because this appeal involves information derived from the parties' family case information statements (CIS), we use initials in the interest of privacy. See R. 1:38-3(d)(1).

In this post-judgment matrimonial matter, plaintiff A.M.R. appeals from the July 23, 2025 Family Part order awarding defendant J.A.S.R.[2] counsel fees and sanctions against him. Plaintiff also appeals from the July 23, 2025 denial of his motion seeking reconsideration of the court's May 29, 2025 order, which had separately awarded defendant counsel fees.[3] Following our review of the record, plaintiff's arguments, and applicable law, we vacate the orders and remand.

---

[2] Defendant did not participate in the appeal.

[3] Plaintiff filed this amended appeal on August 18, 2025. In his amended notice of appeal and CIS, plaintiff listed only a July 23, 2025 order. We understand that he intends to appeal both the July 23, 2025 order awarding counsel fees and sanctions and the July 23, 2025 order denying his reconsideration motion. In his merits brief, plaintiff references a March 19 and a May 29, 2025 order, neither of which he lists in his amended notice of appeal or CIS. See R. 2:5-1(f)(2)(ii) (requiring an appellant to "designate the judgment, decision, action, or rule, or part thereof appealed from"). "[W]e review 'only the judgment or orders designated in the notice of appeal'" or CIS. Kornbleuth v. Westover, 241 N.J. 289, 298-99 (2020) (quoting 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004)); Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530, 550 (App. Div. 2001) (refusing to consider order not listed in notice of appeal); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 2:5-1 (2022) ("failure to identify an issue in the notice of appeal may be saved by identification in the CIS filed with the notice of appeal."); Synnex Corp. v. ADT Sec. Servs., Inc., 394 N.J. Super. 577, 588 (App. Div. 2007) (reviewing an order that was identified in the CIS but not the notice of appeal). For these reasons, we consider only plaintiff's appeal of the July 23, 2025 orders.

A-3835-24

I.

The parties married in April 2014 and divorced in March 2023. On July 27, 2023, they entered into a marital settlement agreement (MSA), which was incorporated into their judgment of divorce. The parties share joint legal custody of their daughter, S.R., who was born in January 2015. Pursuant to the MSA, plaintiff agreed to reunification therapy with S.R. prior to commencing parenting time.

In January 2025, plaintiff moved for supervised parenting time with S.R. and requested oral argument. Plaintiff certified that he had not seen S.R. since September 2022 and could not afford the cost of reunification therapy.

Defendant opposed the motion and cross-moved for an order finding plaintiff in violation of litigant's rights because he had failed to comply with the court's prior orders requiring reunification therapy with S.R. and to provide necessary qualified domestic relations order (QDRO) documents. Defendant also requested the court award her counsel fees "in connection with the application" as plaintiff remained noncompliant with prior post-judgment court orders, causing her to incur legal fees.

On March 19, 2025, the court decided the matter on the papers. It issued an order accompanied by a written statement of reasons, denying plaintiff's

motion and granting defendant's cross-motion. The court found plaintiff failed to comply with prior orders and the MSA. The court determined an award of $2,400 in counsel fees to defendant was appropriate, citing Rule 4:42-9(b) and Rule of Professional Conduct (RPC) 1.5(a). It also found "the financial circumstances of the parties support[ed] [its] conclusion."

In April 2025, defendant moved to enforce litigant's rights, asserting plaintiff "refus[ed]" to "pay the counsel fee award" and "to comply with the [c]ourt's direction to provide pension plan doc[uments] and otherwise cooperate in the QDRO process." Defendant requested oral argument and an order compelling plaintiff's compliance with the prior order and an additional counsel fee award. Plaintiff cross-moved for reconsideration of the court's March 19, 2025 order and also requested oral argument.

On May 29, 2025, the court decided the matter on the papers and issued an order accompanied by a written statement of reasons, granting defendant's motion to enforce litigant's rights and denying plaintiff's cross-motion for reconsideration. The court found plaintiff had failed to pay defendant the prior counsel fee award and to provide his current pension plan statement in addition to other QDRO documents. The court ordered the imposition of future sanctions if plaintiff refused to provide defendant with the QDRO documents within

4

fourteen days, stating defendant would "be sanctioned $250 per day." It awarded defendant an additional $2,400 in counsel fees in connection with her motion, reasoning plaintiff had acted in bad faith.

The court next denied plaintiff's request for reconsideration, explaining that plaintiff had failed to timely file the motion within "[twenty] days after service of the judgment" pursuant to Rule 4:49-2. It noted plaintiff was served with its order on March 20, 2025, and, therefore, his May 2, 2025 cross-motion for reconsideration was "out of time." The court also noted reconsideration of the counsel fee award was unsupported because plaintiff's CIS had demonstrated that "[p]laintiff[,] in 2025[,] indicate[d] a gross income of $76,768.45 for 2024, a net income of $6,397 a month, and current monthly expenses of $4,200 a month." Additionally, plaintiff's "recent paystubs show[ed] he [wa]s on track to make approximately $109,153 for 2025."

Plaintiff thereafter moved for reconsideration of the court's May 29, 2025 order. He asserted the court incorrectly imposed counsel fees after erroneously determining his "net income [w]as $6,397 a month," failed to address his ability to pay, and did not consider defendant's counsel's "multiple motions and letters" filed with the court. Defendant again moved to find plaintiff in violation of litigant's rights for failing to pay the previously awarded $4,800 in counsel fees

pursuant to the court's March and May 2025 orders. She also requested the court impose the $250 daily sanction provided for in the May 29, 2025 order because plaintiff failed to provide all the necessary pension documents. Defendant requested the court hold oral argument, direct plaintiff to appear to address his failure to comply, and award additional counsel fees in connection with her application.

On July 23, 2025, the court rendered a written decision on the papers accompanied by a memorializing order, denying plaintiff's motion to reconsider the counsel fees awarded to defendant in the March and May 2025 orders. The court found there was "no mistake . . . made when calculating [plaintiff's] average earnings based off of his" CIS as he had "certifie[d] his average weekly income [w]as $1,791.23[,] making his monthly average gross income $7,164.92." The court reasoned that "[p]laintiff [also] certified his total monthly expenses [were] $4,695.33 per month" and failed to demonstrate the "financial struggle . . . he suggest[ed]." It emphasized that plaintiff's "updated CIS[,] dated June 19, 2025, certified his average gross weekly income [wa]s higher than January 2025," he was "making $2,103.37 per week," and "his monthly gross income [was] $8,413.48."

A-3835-24

The court issued a companion order and written statement of reasons, separately addressing defendant's motion to enforce litigant's rights. Plaintiff was ordered to pay the following: the previously awarded $4,800 in counsel fees pursuant to the March and May 2025 orders; a sanction of $8,750 for failing to provide the QDRO documentation between June 13, 2025, and July 18, 2025; and a third counsel-fee award of $2,400 in connection with the motion. Regarding the third counsel-fee award, the court stated it granted defendant's request as she had "shown sufficient proof [p]laintiff has acted in bad faith by refusing to comply with two court order[s]." This appeal followed.

On appeal, plaintiff contends the court's counsel-fee awards to defendant should be reversed because: the American Rule applies and each party should bear their own counsel fees; the court erred in determining his net monthly income was $6,397, instead of his actual net monthly income of $2,660.38; and the court improperly found his "motions . . . waste[d]" the court's time when defendant had stopped parental visitation without just cause.

A-3835-24

We apply a deferential standard of review to a Family Part judge's award of counsel fees. Bisbing v. Bisbing, 468 N.J. Super. 112, 121 (App. Div. 2021). Pursuant to Rule 5:3-5(c), counsel fees may be awarded in a family action. See R. 4:42-9(a)(1). Under Rule 5:3-5(c), "[a]n allowance for counsel fees and costs in a family action is discretionary." Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004). A reviewing court "will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of 'clear abuse of discretion.'" Slutsky v. Slutsky, 451 N.J. Super. 332, 365-66 (App. Div. 2017) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008)).

We also review a trial court's order denying reconsideration for abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). A trial court should grant a motion for reconsideration only when "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence[,]" or 3) "if a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application." Cummings v. Bahr, 295 N.J. Super. 374,

384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). "A trial court decision will constitute an abuse of discretion where the decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Giarusso v. Giarusso, 455 N.J. Super. 42, 51 (App. Div. 2018) (alteration in original) (quoting Saffos v. Avaya Inc., 419 N.J. Super. 244, 271 (App. Div. 2011)).

III.

Plaintiff contends the court erred in denying his motion for reconsideration of the $2,400 counsel-fee award in the May 29, 2025 order, as well as in awarding an additional $2,400 in counsel fees in its July 23, 2025 order. He asserts defendant had sufficient funds to pay her counsel's fees, counsel's motions filed with the court should have been considered, and the awarded counsel fees were "not reasonable." Further, plaintiff argues defendant's aggregate award of $15,950, which included the sanctions awarded, was unsupported because he was not acting in bad faith.

In determining whether to award counsel fees in a family matter, trial courts must consider:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions

9

advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

Further, Rule 4:42-9(b) provides that "all applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by RPC 1.5(a)." A party seeking counsel fees must establish reasonableness under the factors. Seigelstein v. Shrewsbury Motors, Inc., 464 N.J. Super. 393, 405 (App. Div. 2020). Regardless of the source authorizing fee shifting, the same reasonableness test governs. Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009). "All applications for the allowance of fees shall state how much had been paid to the attorney . . . and what provision, if any, has been made for the payment of fees to the attorney in the future." R. 4:42-9(c).

RPC 1.5(a) mandates, "A lawyer's fee shall be reasonable" and provides, "[t]he factors to be considered in determining the reasonableness of a fee include the following":

1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

3) the fee customarily charged in the locality for similar legal services;

4) the amount involved and the results obtained;

5) the time limitations imposed by the client or by the circumstances;

6) the nature and length of the professional relationship with the client;

7) the experience, reputation, and ability of the lawyer or lawyers performing the services; [and]

8) whether the fee is fixed or contingent.

After a review of the record, we are constrained to vacate the court's May and July 2025 orders awarding counsel fees and sanctions to defendant as there are insufficient findings of fact and conclusions of law. In accordance with Rule 4:42-9 and Rule 5:3-5(c), the court was required to address the relevant factors and explain its award of $4,800 in counsel fees. Additionally, the court provided scant reasons for ordering the $8,750 in sanctions.

A-3835-24

"[A]ppellate review is impeded when a trial court fails to 'state its factual findings and conclusions of law on the record as required by Rule 1:7-4(a).'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 266 (App. Div. 2024) (quoting Lakhani v. Patel, 479 N.J. Super. 291, 297-98 (App. Div. 2024)). A "trial [court] is required to 'state clearly its factual findings and correlate them with the relevant legal conclusions.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)). We have held "that 'an articulation of reasons is essential to the fair resolution of a case.'" Raspantini v. Arocho, 364 N.J. Super. 528, 532 (App. Div. 2003) (quoting Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000)). Moreover, "[n]aked conclusions do not satisfy the purpose of [Rule] 1:7-4." Rutgers Univ. Student Assembly (RUSA) v. Middlesex Cnty. Bd. of Elections, 438 N.J. Super. 93, 107 (App. Div. 2014) (alteration in original) (quoting Curtis, 83 N.J. at 570).

In support of the separate counsel-fee awards to defendant, the court provided the same limited findings in its May and July 2025 orders, restating that plaintiff had acted in bad faith by not complying with its orders. The court provided no explanation as to why it awarded the same amount of $2,400 to defendant for each motion. While the court noted that it had reviewed plaintiff's CIS and paystubs to determine his gross income in examining his ability to pay

under Rule 5:3-5(c), it failed to address defendant's financial circumstances. The court never examined in detail defendant's incurred counsel fees or considered the previously awarded fees. Moreover, the court failed to make any findings under RPC 1.5(a), including as to the amount of the fees charged, counsel's time and work performed, the difficulty of the work performed, the reasonableness of the fees, and other relevant factors. We are therefore constrained to vacate the awarded $4,800 in counsel fees.

We also conclude the court provided insufficient findings to support the ordered $8,750 in sanctions against plaintiff. The court failed to articulate the Rule authorizing the $250 per day sanction and its reasoning. See R. 5:3-7(c); R. 1:10-3. Moreover, the court did not address defendant's counsel's certification, which acknowledged receipt of the required pension statements from plaintiff but averred other "plan documents" were missing. In awarding "relief to litigant's rights," the court was "obliged to balance the interests of the party for whose benefit the order issued against those of the party-obligor, without losing sight of the legal system's interest in the integrity of judicial orders." Innes v. Carrascosa, 391 N.J. Super. 453, 498-99 (App. Div. 2007) (quoting Anyanwu v. Anyanwu, 333 N.J. Super. 345, 352 (App. Div. 2000)). Although plaintiff had not complied with prior court orders and the MSA, the

13

court's failure to consider the parties' interests and which QDRO documents actually remained outstanding convinces us that vacation of the sanctions ordered is also warranted. Therefore, the sanction award is vacated, the matter is remanded for the court to balance the parties' interests, and the court is directed to provide detailed findings regarding its determination of an award of sanctions. See R. 1:7-4(a).

Finally, we recognize plaintiff had requested oral argument with each motion, which the court denied. See R. 5:5-4(a)(1) (stating "the court shall ordinarily grant requests for oral argument on substantive and non-routine discovery motions"). There was "no explanation from the [court] . . . to enlighten us about why the request[s] for oral argument w[ere] denied." Raspantini, 364 N.J. Super. at 532. We note that had the court afforded oral argument in accordance with Rule 5:5-4(a)(1), it would have had an opportunity to address the parties and outstanding issues, including clarifying what QDRO documents were missing. On remand, the court shall afford the parties' oral argument.

In sum, the provisions of the July 23, 2025 order awarding $4,800 in counsel fees and $8,750 in sanctions to defendant are vacated. We also vacate the July 23, 2025 order denying plaintiff's reconsideration motion. The matter

14

is remanded for further proceedings consistent with this opinion. Given our decision, we need not address plaintiff's additional contentions. R. 2:11-3(e)(1)(E).

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division